JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN 16 1981

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE 1980 DECENNIAL          )
CENSUS ADJUSTMENT LITIGATION  )   DOCKET NO. 444

OPINION AND ORDER

BEFORE ANDREW A. CAFFREY, CHAIRMAN, AND ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP, ROBERT H. SCHNACKE, FREDERICK A. DAUGHERTY, AND SAM C. POINTER, JR., JUDGES OF THE PANEL.

PER CURIAM

This litigation presently consists of nine actions pending in seven districts as follows:[1/]

---

[1/] The motion before the Panel, as originally filed on September 16, 1980, pertained to eight actions. On October 9, 1980, the movants amended their motion to include three additional actions. On November 20, 1980, the movants attempted again to amend their motion to include two more newly filed actions, but this amendment was filed too late to be effective for the hearing held by the Panel on December 9, 1980. Thus eleven actions were scheduled for hearing by the Panel on December 9th. At the hearing, the United States withdrew its motion with respect to three actions -- William H. McNichols, Jr., et al. v. Philip M. Klutznick, et al., D. Colorado, C.A. No. 80-C-1151; Wallace E. Holland, et al. v. Philip M. Klutznick, et al., E.D. Michigan, C.A. No. 80-73302; and Hugh L. Carey, et al. v. Philip M. Klutznick, et al., S.D. New York, C.A. No. 80 Civ 4550. The parties to one of the actions subject to the movants' November 20th amendment -- Maurice A. Ferre, et al. v. Philip M. Klutznick, et al., S.D. Florida, C.A. No. 80-2933-Civ-EBD -- were present and were represented at the Panel's December 9th hearing. Thus that action is also properly before us. The other action subject to the November 20th amendment, as well as any other related actions of which the Panel becomes aware, will be treated as potential tag-along actions. See Rules 1, 9 and 10, R.P.J.P.M.L., 78 F.R.D. 561, 562, 567-69 (1978).

| | |
|---|---|
| Northern District of Illinois | 2 |
| Eastern District of Pennsylvania | 2 |
| Southern District of Florida | 1 |
| Northern District of Georgia | 1 |
| District of Massachusetts | 1 |
| District of Minnesota | 1 |
| District of New Mexico | 1 |

Generally, all actions in this litigation involve claims seeking adjustment of United States Census Bureau tabulations to correct for projected undercounts at state and substate levels regarding the 1980 census. The complaints in many of the actions also contain allegations of negligence or malfeasance attributable to local Census Bureau officials or policies in the particular geographic areas that are the subjects of the respective complaints. The plaintiffs in these nine actions include state governments, local governments and representatives of various minority groups. The defendants are the United States, federal agencies and/or federal officials.[2]

---

[2] One additional related action, Young v. Klutznick, C.A. No. 80-71330, pending in the Eastern District of Michigan, was excluded from the Section 1407 motion because, at the time the motion was filed, Young was in a post-trial phase. Young was brought by the mayor of the City of Detroit and others who alleged, inter alia, that 1) the Census Bureau's official population count, using only raw, unadjusted census data, did not accurately reflect the actual population of the states and governmental units within the states; 2) about four times as many blacks as whites were undercounted in urban areas, and an equal number of Hispanics were undercounted in the areas where they are located throughout the United States; and 3) unless there was an adjustment for the undercount, individuals who live in urban areas with high black populations or areas with high Hispanic populations would be deprived of their right of equal representation in Congress and state legislatures and would lose substantial sums of money (because many federal programs are tied to census figures). In an opinion issued on September 25, 1980, 497 F. Supp. 1318, Judge Horace W. Gilmore found, inter alia, that 1) the Secretary of Commerce and the Census Bureau have a constitutional

(footnote continued on next page)

The federal defendants in the nine actions have moved the Panel to transfer, pursuant to 28 U.S.C. §1407, all actions to the District of the District of Columbia for coordinated or consolidated pretrial proceedings. Plaintiffs in the two Illinois actions and the Massachusetts, Georgia and Florida actions oppose transfer of their respective actions. Plaintiffs in the two Pennsylvania actions either support or do not oppose centralization of the statistical adjustment claims among the actions in this litigation, but these plaintiffs object to centralization of the other

---

Footnote 2 continued

duty to arrive at an enumeration of the number of people within the United States which is as close to the truth as possible; and 2) that the Census Bureau has the capacity to calculate the national undercount and to distribute the undercount at state and substate levels in a statistically defensible manner. Accordingly, Judge Gilmore entered a judgment embodying 1) an injunction against defendants enjoining them from certifying to the President on January 1, 1981, and to states and substate units of government on April 1, 1981, a population count based on the actual unadjusted headcount; 2) a mandatory injunction ordering defendants to adjust population figures for the 1980 census at national, state and substate levels to reflect the undercount; 3) a declaratory judgment, declaring it to be the right of every person within the United States on April 1, 1980, to be counted in the census, and directing that such a count be made to the extent it is statistically defensible; and 4) an order to the Census Bureau to report to Judge Gilmore within thirty days of the entry of his opinion the precise nature of the Census Bureau's plan to implement the holdings of Judge Gilmore's opinion. On November 6, 1980, the Young defendants filed an appeal in the United States Court of Appeals for the Sixth Circuit. On December 24, 1980, Associate Justice Potter Stewart of the Supreme Court of the United States stayed Judge Gilmore's judgment order pending final disposition of the appeal before the Sixth Circuit.

On December 30, 1980, the Supreme Court of the United States also stayed, pending Court of Appeals resolution, a portion of a judgment entered the previous day in the New York action mentioned in note 1, supra, that precluded the Census Bureau from certifying to the President on December 31, 1980, the population totals for New York and the state-by-state census tabulations.

claims in this litigation. Further, the Pennsylvania plaintiffs favor selection of the Eastern District of Michigan as the transferee forum for the statistical adjustment claims. The New Mexico plaintiffs state that they, too, do not object to centralization of the statistical adjustment claims, but only after the other claims in the New Mexico action have been disposed of by the New Mexico district court.

We find that the nine actions before us in this litigation raise common questions of fact and that centralization under Section 1407 of these actions in the District of Maryland will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Opponents to transfer argue that the decision in Young in the Eastern District of Michigan has resolved whatever common questions of fact that may have existed among these actions and that now local issues predominate. We are unpersuaded by these objections. Young is presently the subject of an appeal and may or may not have any conclusive effect on the actions in this litigation. In the interim, these actions will continue to share complex questions of fact concerning the existence, extent and distribution of any national undercount and the existence and utility of statistical methods to correct for national and local undercounts. Transfer under Section 1407 is thus necessary in order to avoid duplicative discovery and minimize inconsistent pretrial rulings. Movants have stressed that timely reporting of census data is of the utmost importance, and centralization of these actions in a single district will help to eliminate

any delays which may otherwise have arisen as a result of the pendency of the related actions in many different districts. Finally, centralization will permit a single judge to determine uniformly any collateral estoppel questions which might arise as a result of the disposition of the issues in Young. See, e.g., In re Suess Patent Infringement Litigation, 331 F. Supp. 549, 550 (J.P.M.L. 1971).

Some of the parties have requested that certain of the claims in their respective actions be separated and remanded in the event that the Panel ordered transfer of their actions. The Panel is empowered by statute to couple its order of transfer with a simultaneous separation and remand of any claims in an action. See 28 U.S.C. §1407(a). Before we exercise that power, however, we must be convinced that the claims to be returned to the transferor court involve little or no factual overlap with the claims to be transferred. See In re Midwest Milk Monopolization Litigation, 386 F. Supp. 1401, 1403 (J.P.M.L. 1975). We are not persuaded that the claims delineated by these parties as purely local in nature involve questions of fact distinct from those arising in other actions. It may be, for example, that alleged instances of local mismanagement reflect practices or policies instituted on a nationwide basis. Upon further refinement of the issues, perhaps some or all of those claims will prove to be unrelated and can be remanded to their transferor courts. We believe that the transferee judge will be in the best position to make that determination. Should he conclude that remand of claims is appropriate,

procedures are available whereby this may be accomplished with a minimum of delay. See Rule 11(c)(ii), R.P.J.P.M.L., 78 F.R.D. 561, 569 (1978).

We also note that the transferee judge, with respect to local undercount questions or claims, has the authority to schedule discovery and other pretrial proceedings on any issues unique to a particular geographic area or party to proceed in separate tracks concurrently with the common pretrial proceedings, thus enchancing the efficient conduct of all aspects of this litigation. See In re Republic National-Realty Equities Securities Litigation, 382 F. Supp. 1403, 1405-06 (J.P.M.L. 1974). Moreover, the transferee judge has power to provide that no party need participate in pretrial proceedings unrelated to that party's interests. See, e.g., Parts I and II, §§2.31, Manual for Complex Litigation (rev. ed. 1977).

None of the districts in which an action before us is pending offers a strong nexus to the common factual questions in this litigation, and little discovery on these questions could be expected to occur in any of them. Indeed, no constituent actions are pending in either of the two districts which have been suggested by parties as the transferee forum. While both the Eastern District of Michigan or the District of the District of Columbia could be considered appropriate transferee forums, on balance we are persuaded that the District of Maryland is the preferable forum. All parties acknowledge that relevant records and documents will be found at the Census Bureau's national records center located

in that district. Also, **that district adjoins the District** of Columbia wherein may be found Census Bureau and other federal officials who are likely to be witnesses in many of the actions in this docket.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the nine actions listed on the following Schedule A be, and the same hereby are, transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable Edward S. Northrop for coordinated or consolidated pretrial proceedings.

SCHEDULE A

### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| City of Philadelphia, et al. v. Philip M. Klutznick, et al. | C.A. No. 80-3172 |
| City of Chester, et al. v. Philip M. Klutznick, et al. | C.A. No. 80-3309 |

### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Spanish Coalition for Jobs, et al. v. Philip M. Klutznick, et al. | C.A. No. 80C2994 |
| Bernard Carey, et al. v. Philip M. Klutznick, et al. | C.A. No. 80C4566 |

### DISTRICT OF NEW MEXICO

| | |
|---|---|
| State of New Mexico, et al. v. Philip M. Klutznick, et al. | C.A. No. 80-0726-C |

### NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| City of Atlanta, et al. v. Philip M. Klutznick, et al. | C.A. No. C-80-1685A |

### DISTRICT OF MINNESOTA

| | |
|---|---|
| City of Duluth, et al. v. Philip M. Klutznick, et al. | C.A. No. 5-80-150 |

### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Commonwealth of Massachusetts, et al. v. Philip M. Klutznick, et al. | C.A. No. 80-2232-Z |

### SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Maurice A. Ferre, et al. v. Philip M. Klutznick, et al. | C.A. No. 80-2933-CIV-EBD |